■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KEARN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Ritter, J.), rendered August 24, 1984, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification evidence (McMahon, J.).

Judgment affirmed.

By Westchester County indictment No. 83-00745, the defendant was charged with the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts). These

charges were based on the defendant's sales of drugs to an undercover officer on December 20, 1982 and April 14, 1983. Following the December 20, 1982 sale, the undercover officer viewed a photograph of the defendant and identified him as the individual from whom he purchased the drugs. However, the defendant was not arrested at that time, and on April 14, 1983, he again sold drugs to an undercover officer. The defendant was then arrested. He subsequently moved, *inter alia, to* suppress identification evidence. By order entered December 27, 1983 (McMahon, J.), that branch of the defendant's omnibus motion which was to suppress identification evidence was denied, without a hearing, on the ground that he "[had] not made a sufficient showing of suggestiveness to warrant the granting of the relief sought". The defendant then moved for reargument of that branch of his omnibus motion, and the court, by order entered February 9, 1984 (McMahon, J.), summarily denied reargument, stating that there was no showing that the court overlooked or misapprehended relevant facts or misapplied the law.

On July 9 and 10, 1984, defense counsel renewed the suppression motion during pretrial proceedings before Judge Ritter. The court denied the defendant's applications, pointing out that it had reviewed the Grand Jury testimony of the undercover officer, as well as two police reports dated December 20, 1982 and April 14, 1983, respectively, made by the undercover officer, and concluded that the December 20, 1982, photographic viewing was merely confirmatory in nature. The court expressly stated that the case of *People v Morales* (37 NY2d 262), was "the basis, obviously, for Judge McMahon's decision".

Thereafter, on the advice of counsel and following a lengthy allocution during which the court determined that he understood the consequences of his plea and voluntarily chose to do so, the defendant pleaded guilty to the charge of criminal sale of a controlled substance in the fourth degree in full satisfaction of the indictment. This was a reduced charge involving the April 14, 1983 sale of narcotics. The defendant also withdrew all applications then before the court.

On this appeal, the defendant challenges the court's summary denial of reargument of his applications for suppression of the December 20, 1982 photographic identification. We agree with the court's conclusion that the December 20, 1982 viewing of the photograph by the undercover officer was not subject to suppression. This viewing, which took place on the same day as the first criminal sale, confirmed the defendant's

identity but did not constitute the basis for his eventual arrest. Rather, it was conducted for police investigative purposes only and was merely one step in an ongoing investigation which apparently continued for several more months thereafter. In fact, the defendant's arrest did not take place until his second sale of narcotics to an undercover officer on April 14, 1983. We note that the second sale was the subject of the charge to which the defendant pleaded guilty in full satisfaction of the indictment. Under these circumstances, the viewing of the photograph was confirmatory in nature and consistent with recognized police investigative techniques (see, People v Morales, supra, p 271; cf. People v Coles, 62 NY2d 908). In contrast to identification procedures conducted for an ordinary eyewitness to a crime, the experience and expertise of the undercover officer who transacted the sale with the defendant lessened the possibility of suggestiveness which might taint a subsequent identification. Thus, the viewing in this case did not fall within the ambit of the statute requiring a pretrial hearing (see, CPL art 710), and the court properly denied the defendant's application for suppression and for reargument thereof, without a hearing (see, CPL 710.60 [3]). Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.