■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DAVIS, Appellant.—Appeal by the defendant from a judgment of Supreme Court, Kings County (Broomer, J.), rendered July 7, 1987, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 21, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant challenges as suggestive the identification procedures with respect to only 1 of 2 experienced undercover officers who were working together and who participated in two transactions with the defendant during the course of an ongoing drug investigation. Although the defendant contends

otherwise, there is no basis for disturbing the County Court's determination that a photographic procedure conducted before both officers with respect to the first sale was merely confirmatory *(see, People v Morales,* 37 NY2d 262, 271; *People v Kearn,* 118 AD2d 871). Nor is there ground for upsetting the finding that there was a basis independent of a procedure which the County Court ruled was suggestive so as to authorize the undercover officer's in-court identification of the defendant as a participant in the second sale *(cf., People v Kearn, supra; see also, People v Rodriquez,* 137 AD2d 847; *People v Grate,* 130 AD2d 590).

Finally, there is no merit to the defendant's contention that his sentence, the statutory minimum imposed pursuant to a negotiated plea, is harsh or excessive *(see, People v Kazepis,* 101 AD2d 816; Penal Law § 70.06 [3] [b]; [4] [b]; *see also,* Penal Law § 220.39). Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.