■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered February 23, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant was arrested on August 18, 1988, in connection with the sale of cocaine to an undercover police officer on July 1, 1988, and July 5, 1988. On July 7, 1988, the undercover officer viewed six photographs of men of similar appearance and identified the defendant as the seller of the cocaine.

We find that the County Court did not err in denying that branch of the defendant's omnibus motion which was to suppress this identification testimony. It is clear that the identification was made by a trained police officer who had observed the defendant face to face for several minutes during each of the two drug transactions. Thus, the photographic identification by the undercover officer was merely confirmatory, and could not have tainted the in-court identification *(see, People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262; *People v Kearn,* 118 AD2d 871; *cf., People v Gordon,* 76 NY2d 595).

Contrary to the defendant's contention, the County Court properly denied his request to charge the jury on the defense of agency. At the trial, it was established that on July 1, 1988,

the defendant initiated contact with the undercover officer. The officer then asked the defendant if he was "working", i.e., dealing drugs. The defendant responded by asking the officer how much he wanted. The officer responded "two dimes". The defendant then left the officer for a short time and returned with the drugs, which he gave to the officer in exchange for money. The defendant then told the officer that he was a "good chemist", identified himself as "Abdullah", told the officer his address, and invited him to come and see him whenever he wanted anything. Four days later on July 5, the undercover officer went to the defendant's apartment and knocked on the door. The defendant answered the door and asked the officer what he wanted. The officer again asked for "two dimes" which the defendant obtained and gave to the officer in return for $20.

Viewing the evidence in the light most favorable to the defendant we find that under no reasonable view of the evidence could a jury have found the defendant to be merely an agent of the undercover police officer (see, People v Ortiz, 76 NY2d 446, 448, 449, remittitur amended 77 NY2d 821; People v Argibay, 45 NY2d 45, cert denied 439 US 930). Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.