■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered February 27, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

A *Wade* hearing was not required since the station house showup was merely confirmatory *(see, People v Wharton,* 74 NY2d 921, 922; *People v Morales,* 37 NY2d 262). The undercover officer observed the defendant face-to-face during the drug transaction knowing that the defendant would soon be arrested. He again observed the defendant being arrested within minutes of the transaction, and at the station house two hours and 25 minutes after the defendant was arrested. Under these circumstances, a *Wade* hearing was not necessary *(see, People v Wharton, supra; People v Jackson,* 171 AD2d 756; *People v McDaniel,* 171 AD2d 460; *cf., People v Gordon,* 76 NY2d 595).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 85). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.