■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. RICKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered January 17, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove the defense of agency beyond a reasonable doubt. We disagree. While the defendant did not initiate the drug transaction, his salesmanlike behavior, the absence of any prior relationship between the defendant and the undercover officer, and the defendant's admission that he received a small amount of crack cocaine from his supplier as payment for conducting the transaction, were all factors sufficient for the jury to reject the agency defense (see, People v Roche, 45 NY2d 78, cert denied 439 US 958; People v Argibay, 45 NY2d 45, 53-54, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Scogna, 173 AD2d 874; People v Johnson, 173 AD2d 734; People v Torres, 150 AD2d 816; People v Scott, 134 AD2d 379, 380).

Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84,

94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.