■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL LANE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered April 4, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a

hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the afternoon of May 10, 1989, the defendant and a codefendant sold 11 vials of cocaine to an undercover police officer in the City of Newburgh. Immediately following this purchase, the undercover officer and his partner returned to the Newburgh police station, where they identified the defendant from a "mug shot" book. The officers then returned to the vicinity of the first sale, sought out the defendant, and made a second $50 purchase of cocaine from the defendant and the codefendant. This case was subsequently presented to the Orange County Grand Jury, and on June 8, 1989, the defendant was indicted on charges of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts). Shortly thereafter, on June 14, 1989, the two undercover officers confirmed the defendant's identity at a station house showup.

Prior to trial, the defendant requested a *Wade* hearing to determine whether the prospective identification testimony by the undercover police officers should be suppressed. The prosecutor opposed the motion, contending that the police officers had viewed the "mug shot" book solely for purposes of name attribution, and that the subsequent showup identification procedure was a confirmatory viewing to ensure that the correct person had been arrested. The County Court agreed that "these are not the type of [identification] procedures for which the law designed 'taint' hearings", and denied the defendant's motion. On appeal, the defendant contends, *inter alia,* that the County Court erred in summarily denying his motion to suppress the prospective identification testimony. We disagree. The record provides an adequate basis upon which to conclude that the identification of the defendant was made by two trained police officers who had observed him face-to-face for several minutes during the first drug transaction. Thus, the prompt photographic identification by the officers was merely confirmatory and could not have tainted their subsequent in-court identification of the defendant *(see, People v Morales,* 37 NY2d 262; *People v Johnson,* 173 AD2d 734; *People v Suren,* 131 AD2d 896; *cf., People v Gordon,* 76 NY2d 595). Moreover, following their identification of the defendant from the "mug shot" book, the officers sought out and located him for the purpose of making a second purchase of narcotics. Thus, by the time the officers viewed the defen-

dant in the station house six days after his indictment, the issue of identification was behind them, and this subsequent viewing was consistent with good police procedure to ensure that the proper person had been arrested *(see, People v Morales, supra,* at 272; *People v Knight,* 156 AD2d 588). Accordingly, under these circumstances, we find that the County Court properly denied suppression of the officers' identification testimony.

Additionally, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to disprove the agency defense and to establish the defendant's guilt of criminal sale of a controlled substance beyond a reasonable doubt. The testimony presented at trial established that the defendant independently promoted the first sale, and directly negotiated the terms of the second sale with the undercover officer. Further, the defendant handled both the money and the narcotics during the two transactions, and profited from each sale. Thus, the jury could have reasonably concluded that the defendant was not acting as a mere extension or agent of the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the sentence imposed was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, and find that they are either unpreserved for appellate review, or are without merit. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.