■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK THOMAS, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 18, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing concurrent indeterminate terms of 8⅓ to 25 years imprisonment. The appeal brings up for review the denial, without a hearing, of the defendant's application to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed to two concurrent indeterminate terms of 5 to 15 years of imprisonment; as so modified, the judgment is affirmed.

On the evening of January 21, 1990, the defendant sold crack cocaine to two undercover officers involved in a "buy and bust" drug operation in Islip. After purchasing the narcotics, the undercover officers transmitted a detailed description of the suspected seller to their sergeant, who was supervising the operation. Approximately 15 minutes later, the defendant was arrested by several police officers who had received a

description of the suspect from the sergeant. The defendant was then transported to the police station house, where the undercover officers involved in the transaction viewed him through a one-way mirror, and confirmed his identity as the seller.

Prior to trial, the defendant moved for a *Wade* hearing to determine whether the prospective identification testimony by the undercover police officers should be suppressed. The County Court denied the defendant's motion, reasoning that the identification procedure was merely confirmatory in nature and thus not subject to suppression. On appeal, the defendant contends that the County Court erred in summarily denying his application to suppress the prospective identification testimony. We disagree. Although showup identifications by civilian witnesses are by their nature suggestive *(see, People v Morales,* 37 NY2d 262, 271), it is well settled that where an identification is made by a trained undercover officer who has observed the defendant in a face-to-face narcotics transaction, a station house viewing several hours later is not the kind of identification procedure "ordinarily burdened or compromised by forbidden suggestiveness, warranting a lineup procedure or *Wade* hearing" *(People v Wharton,* 74 NY2d 921, 922; *see also, People v Rodriguez,* 79 NY2d 445). Here, the two narcotics officers who purchased cocaine from the defendant viewed him at the station house approximately one hour after the completion of the transaction. Under these circumstances, we agree with the County Court's conclusion that the station house viewing was merely confirmatory, and could not have tainted the officers' subsequent in-court identifications of the defendant *(see, People v Wharton, supra; People v Lane,* 185 AD2d 282; *People v Johnson,* 178 AD2d 659; *People v Gonzalez,* 174 AD2d 690).

Furthermore, viewing the evidence presented at the trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree beyond a reasonable doubt. The testimony presented at the trial establishes that the undercover officers had an opportunity to observe the defendant for approximately five minutes under good lighting conditions during the narcotics sale, and that they were then able to provide a detailed description of his appearance. Moreover, the defendant was in possession of the prerecorded money when he was arrested approximately 15

minutes after the sale. Although the defendant maintained that the police witnesses fabricated their testimony against him in retaliation for his actions in filing a civilian complaint against the Suffolk County Police Department shortly before his arrest, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal, and should not be disturbed unless it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, we find the sentence imposed was excessive to the extent indicated (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are without merit. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.