■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BYRD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered November 29, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The undercover officer's testimony regarding the description of the seller which he gave to the arresting officers by radio does not constitute bolstering in violation of *People v Trowbridge* (305 NY 471; *see, People v Cardona,* 173 AD2d 364; *People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976; *People v Candelario,* 156 AD2d 191; *People v Switzer,* 115 AD2d 673, 674; *People v Love,* 92 AD2d 551, 553). This testimony together with that of the arresting officers who received the description, provides a necessary explanation of the events which precipitated the defendant's arrest *(see, People v Sarmiento, supra).*

The undercover officer observed the defendant face-to-face during the drug transaction. Immediately thereafter the backup officers took a photograph of the defendant and within an hour displayed the photograph to the undercover officer to insure that the right person would be arrested. Under these circumstances a *Wade* hearing was not necessary *(see, People v Wharton,* 74 NY2d 921, 922; *People v Rodriguez,* 79 NY2d 445, 449; *cf., People v Waring,* 183 AD2d 271).

The defendant's remaining contentions are unpreserved for appellate review *(see, People v Holt,* 67 NY2d 819; *People v Tarsia,* 50 NY2d 1, 11). Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.