■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER GLOVER, Appellant. [595 NYS2d 215] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 18, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial because the testimony of the backup team bolstered the testimony of the undercover officers who allegedly purchased narcotics from him. We disagree. The backup team testified that after they were given a description of the seller, they went to the scene of the crime, and spotted an individual who matched the description. They identified this individual as Luther Glover, the defendant. The defendant was not arrested at that time. We find that this testimony was a necessary explanation of the events which resulted in the defendant's arrest *(see, People v Byrd,* 187 AD2d 724; *People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976).

We agree with the defendant that the viewing by the undercover police officers Johnson, Giordano, and Stanton of a single photograph of the defendant several days after the drug sale was not a confirmatory identification and was unnecessarily suggestive *(see, People v Waring,* 183 AD2d 271). However, we find, based on the evidence adduced at the *Wade* hearing, that an independent basis existed to allow the defendant to be identified by these officers at trial. We note that the viewing by a different undercover police officer which took place on the same day of the criminal sale was confirmatory in nature *(see, People v Kearn,* 118 AD2d 871).

We also find that the defendant failed to preserve for appellate review his objections to the trial court's identification charge, since he did not alert the trial court that he was not satisfied with it *(see, People v Jakes,* 181 AD2d 913).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We find the defendant's remaining contentions to be either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.