THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD SPENCER, Appellant. [622 NYS2d 580] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 12, 1989, convicting him of murder in the second degree, attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of felony murder *(see,* Penal Law § 125.25 [3]), assault in the first degree *(see,* Penal Law § 120.10 [4]), and assault in the second degree *(see,* Penal Law § 120.05 [6]) is unpreserved for appellate review *(see, People v Logan,* 74 NY2d 859). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the assault counts beyond a reasonable doubt. We also find that the evidence was legally sufficient to establish the burglary element of the defendant's conviction of felony murder in that the defendant knowingly entered and remained unlawfully in the complainant's dwelling. The testimony establishes that the defendant and two other assailants, while armed with pistols, forced their way into the apartment after the decedent opened the door. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The arresting officer's testimony that he received information regarding the description of the perpetrator and the nature of the offense was properly admitted for the purpose of providing a necessary explanation of the events which precipitated the defendant's arrest *(see, People v Glover,* 191 AD2d 582; *People v Byrd,* 187 AD2d 724; *People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.