■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MONTGOMERY, Appellant. [623 NYS2d 921] —Appeal by the defendant from two judgments of the County Court, Rockland County (Meehan, J.), both rendered September 2, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 388/91, and criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) under Indictment No. 395/91, upon jury verdicts, and imposing sentences. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's respective omnibus motions which were to suppress identification testimony.

Ordered that the judgments are affirmed.

The charges in Indictment No. 395/91 involved the sale of cocaine to an undercover police officer on October 25, 1991, and on November 21, 1991. The charges in Indictment No. 388/91 involved the sale of cocaine to an undercover police officer on November 1, 1991. All three sales were made to the same undercover police officer and stemmed from one investigation.

The defendant, in separate omnibus motions filed with respect to each indictment, requested a *Wade* hearing on the ground that the identification procedure, in which a single photograph was exhibited to the undercover police officer, was suggestive. In response to the motion under Indictment No.

395/91, the People stated that, with respect to the sale on October 25, 1991, the undercover police officer had identified the defendant approximately four hours after the transaction by viewing a single photograph. The undercover police officer identified the defendant approximately one hour after the sale on November 21, 1991 by viewing a single photograph. In response to the motion under Indictment No. 388/91, the People stated that the undercover officer involved in the sale on November 1, 1991, had previously identified the defendant from the photograph on October 25, 1991.

We find that the court did not err in summarily denying the defendant's request for a *Wade* hearing on the ground that the identification of the defendant by the undercover police officer was confirmatory *(see, e.g., People v Polanco,* 80 NY2d 1012; *People v Wharton,* 74 NY2d 921). Although a single photograph identification can be suggestive if it is too remote in time from the officer's face-to-face observation of the defendant *(see, e.g., People v Smith,* 203 AD2d 495; *People v Glover,* 191 AD2d 582; *People v Waring,* 183 AD2d 271), here the identification on October 25, 1991, was made by the undercover officer who purchased the drugs from the defendant within hours of the sale *(see, e.g., People v Glover, supra; People v Kearn,* 118 AD2d 871). On November 21, 1991, the undercover officer engaged in the third drug transaction with the defendant and identified him one hour after the sale *(see, e.g., People v Almonte,* 181 AD2d 736; *People v Kearn, supra).* The court properly concluded that the single-photograph identifications were merely confirmatory.

The defendant's contention that he was denied the right to be present during the selection of the jury for the joint trial of the two indictments is without merit. Although the peremptory challenges and challenges for cause were discussed at a sidebar conference, the defendant was present during the voir dire, he had an opportunity to consult with counsel, and the challenges were given effect in his presence *(see, People v Velasco,* 77 NY2d 469; *People v Kaur,* 204 AD2d 573).

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.