■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON BELLAMY, Appellant. [627 NYS2d 61] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered July 29, 1993, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in summarily denying his motion to suppress identification testimony without a hearing. According to the People, the defendant was identified during an investigation in which an undercover police officer made two face-to-face purchases of cocaine from the same individual. The purchases were made at the same location in Peekskill one-half hour apart. After the second purchase, another police officer approached the individual who sold the cocaine, requested his identity and later obtained a photograph of him from police files. The undercover officer viewed the photograph at the police station about one hour after the second purchase and identified the defendant as the seller. The uncontroverted facts contained in the People's motion papers established that the viewing of a single photograph of the defendant by an undercover police officer was an integral part of the investigation conducted prior to his arrest and that the viewing was not the kind of suggestive police procedure which would require a suppression hearing *(see, People v Kearn,* 118 AD2d 871; *see also, People v Montgomery,* 213 AD2d 563; *cf., People v Waring,* 183 AD2d 271).

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The undercover officer had ample time to observe the defendant on the two occasions when he purchased the cocaine, and, in addition, he met the defendant a third time when he returned to the scene minutes after the second purchase. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.