■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA BLACKNALL, Appellant. [628 NYS2d 731] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered December 21, 1993, convicting her of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

In addition, we note that although a single photograph identification can be suggestive if it is too remote in time from the officer's observation of the defendant (see, *People v Montgomery,* 213 AD2d 563; see, e.g., *People v Smith,* 203 AD2d 495), here, an undercover officer who purchased cocaine from the defendant viewed a single photograph of her approximately 45 minutes after the completion of the first transaction. Under

these circumstances, the officer's viewing of the photograph was merely confirmatory, and could not have tainted his subsequent in-court identification of the defendant *(see, People v Wharton,* 74 NY2d 921, 922; *see also, People v Montgomery, supra; People v Thomas,* 186 AD2d 695; *People v Almonte,* 181 AD2d 736).

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.