■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES G. INGRAM, Appellant. [629 NYS2d 1016] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that County Court erred in failing to direct the People to disclose the name of the confidential informant. Although the testimony of the informant was material, defendant failed to establish any weakness in the People's

case or that the issue of identification was a close one so as to entitle him to disclosure (*see, People v Pena,* 37 NY2d 642; *People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012). In any event, that contention is academic because immediately before trial defense counsel was provided with the name of the informant, who subsequently testified. Moreover, defendant was not deprived of a fair trial on the ground that the identity of the informant was not disclosed until immediately before trial. Upon receipt of the name of the informant, defense counsel sought dismissal of the indictment or, in the alternative, a continuance to prepare his defense. The court granted the request for a continuance. The trial proceeded the next day without further objection by defense counsel. Under those circumstances, the disclosure of the informant's identity immediately before trial does not require reversal (*see, People v Gower,* 45 AD2d 188, 189-191).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Orleans County Court, Griffith, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.