■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LEE COTTON, Appellant. [641 NYS2d 858] —Motion by the appellant for reargument of stated portions of an appeal from a judgment of the County Court, Nassau County, rendered May 18, 1993, which was determined by decision and order of this Court dated December 29, 1995, and cross motion by the respondent for reargument of stated portions of that appeal.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is granted, the unpublished decision and order of this Court dated December 29, 1995, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 18, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts), and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal possession of a controlled substance in the third degree under the third count of the indictment to a conviction of criminal possession of a controlled substance in the seventh degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant was charged in a five count indictment with the commission of crimes arising out of events which occurred on May 5, 1992, and August 18, 1992. Count one and count two of the indictment charged the defendant, respectively, with criminal sale of a controlled substance in the third degree and

criminal possession of a controlled substance in the third degree with intent to sell, based upon his sale of cocaine to an undercover police officer on May 5, 1992. Count three and count four charged the defendant, respectively, with criminal possession of a controlled substance in the third degree for unlawfully possessing cocaine with an aggregate weight of one-half ounce or more and criminal possession of a controlled substance in the third degree for possessing cocaine with intent to sell based on the events of August 18, 1992 (*see,* Penal Law § 220.16 [1], [12]). The testimony at the *Wade* hearing established that the undercover police officer viewed a single photograph of the defendant within 35 minutes after the May 5, 1992, transaction. Therefore, the County Court properly determined that the identification was confirmatory (*see, People v Parker,* 216 AD2d 496; *People v Montgomery,* 213 AD2d 563; *see also, People v Wharton,* 74 NY2d 921, 922-923).

The court conducted a sufficient inquiry regarding the defendant's request that his second assigned counsel be relieved and properly denied the defendant's application to appoint a third assigned counsel since the defendant failed to demonstrate good cause for the substitution (*see, People v Smith,* 82 NY2d 731, 732; *People v Sides,* 75 NY2d 822, 824; *People v Outlaw,* 184 AD2d 665). Furthermore, a review of the record reveals that the defendant received the effective assistance of counsel (*see, Strickland v Washington,* 466 US 668; *People v Benn,* 68 NY2d 941, 942; *People v Baldi,* 54 NY2d 137, 150-152).

The defendant correctly contends, however, that the court erred in summarily denying his motion seeking the appointment of an independent expert to determine the weight of the cocaine recovered on August 18, 1992 (*see, People v White,* 40 NY2d 797). In denying the motion, the court erroneously stated that none of the charges included a weight requirement when, in fact, the third count of the indictment charged the defendant with unlawfully possessing cocaine with an aggregate weight of one-half ounce or more (*see,* Penal Law § 220.16 [12]). Consequently, we modify the defendant's conviction under that count of the indictment (*see, People v White, supra*). At the request of the People, and in the interests of judicial economy, rather than order a new trial on that count of the indictment, the defendant's conviction thereunder is reduced to one of criminal possession of a controlled substance in the seventh degree, which does not contain a weight requirement with respect to the substance possessed (*see,* Penal Law § 220.03). Given that the defendant has served the maximum permissible

sentence for that offense, remittitur for the purpose of resentencing him is unnecessary.

Contrary to the defendant's contention, reversal of his convictions of the other counts charging sale and possession of cocaine is not required. When the court requested clarification of the basis for the defendant's motion, the defendant confirmed that he sought an independent expert to test the weight of the cocaine. The failure to appoint an expert for that purpose did not affect the other counts which did not include a weight requirement.

The defendant's contentions that the evidence was legally insufficient to establish his knowledge of the weight of the cocaine he possessed and that the court erred in failing to instruct the jury that the People must prove that he knew the weight of the cocaine are unpreserved for appellate review (*see, People v Gray,* 86 NY2d 10; *People v Lawrence,* 85 NY2d 1002; *People v Monroe,* 216 AD2d 494). We decline to reach these issues in the exercise of our interest of justice jurisdiction. Further, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence is neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

In view of our determination, we need not address the defendant's remaining contentions. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.