■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS O. ASHBY, Also Known as SLOW, Appellant. [648 NYS2d 364] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court erred in failing to direct the People to disclose the identity of the confidential informant. "Although the testimony of the informant was material, defendant failed to establish any weakness in the People's case or that the issue of identification was a close one so as to entitle him to disclosure (*see, People v Pena*, 37 NY2d 642; *People v Goggins*, 34 NY2d 163, *cert denied* 419 US 1012)" (*People v Ingram*, 217 AD2d 986, 986-987). In any event, the contention is academic because defendant testified that he knew the identity of the informant (*see, People v Ingram, supra*). We further reject the contention that the court erred in denying defendant's request for a missing witness charge with respect to the confidential informant (*see, People v Morris*, 159 AD2d 934, *lv denied* 76 NY2d 793; *see also, People v Macana*, 84 NY2d 173, 180; *People v Ortiz*, 83 NY2d 989, 991).

The court properly denied defendant's motion to suppress the identification testimony of the undercover police officer. The record supports the court's determination that the photo identification by that officer was confirmatory in nature (*see, People v Brooks*, 210 AD2d 800, 801, *lv denied* 85 NY2d 906; *see also, People v Bellamy*, 215 AD2d 572, *lv denied* 87 NY2d 898). Defendant was not denied a fair trial by the prosecutor's misconduct during summation. The majority of the alleged errors are not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). "Because those errors that were preserved 'were not so egregious or prejudicial as to deprive defendant of a fair trial, reversal is not warranted' " (*People v Toumbis*, 204 AD2d 1026, quoting *People v Dawkins*, 203 AD2d 957, 958, *lv denied* 84 NY2d 824). The court's *Sandoval* ruling constituted a proper

exercise of discretion. Defendant's remaining contention is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Oneida County Court, Burke, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.