■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK GRIFFIN, Appellant. [651 NYS2d 552] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered October 17, 1994, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was arrested in a so-called, "buy and bust" operation after he sold crack cocaine to an undercover police officer.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The court did not err when it denied, without a hearing, the defendant's motion to suppress the identification testimony of the undercover officer who purchased the cocaine as being the product of a suggestive single photograph identification procedure. Although a single photograph identification can be suggestive if too remote in time from an officer's face-to-face observation of a defendant, here the undercover officer identified the defendant from his photograph immediately after the first of two transactions (see, People v Miles, 219 AD2d 685; People v Montgomery, 213 AD2d 563). Thus, the court properly determined that the identification was merely confirmatory (see, People v Wharton, 74 NY2d 921; People v Cotton, 226 AD2d 738).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.