■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PENA-MARTINEZ, Appellant. [665 NYS2d 207] —Judgment unanimously affirmed. Memorandum: Following a reversal of his judgment of conviction by this Court (*People v Pena-Martinez,* 206 AD2d 858, *lv denied* 84 NY2d 938), defendant was retried and convicted of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). During the retrial, the undercover officer was asked on cross-examination to disclose the name of the confidential informant who was present during meetings subsequent to the sale. Supreme Court, rejecting defendant's contention that the question was relevant under *People v Goggins* (34 NY2d 163, *cert denied* 419 US 1012), sustained the prosecutor's objection. Although the informant's identity was not disclosed, a missing witness charge based upon the People's failure to call the informant as a witness was given.

We reject defendant's contention that the court erred in sustaining the prosecutor's objection. While the central purpose of "the *Goggins* mandate * * * is to make an informant possessing material and relevant information available to the defense for examination at trial" (*People v Jenkins,* 41 NY2d 307, 309), *Goggins* does not establish that defendant has the right to disclosure of an informant's identity to the jury without first seeking a ruling from the court. By failing to move for disclosure of the informant's identity or to set forth a basis for disclosure, defendant failed to preserve for our review his contention that the court should have directed the prosecutor to disclose the informant's identity (*see, People v Medina,* 53 NY2d 951). "Since the [prosecutor] was obviously unwilling to permit the witness to disclose the informant's identity, it was incumbent upon defendant to seek a judicial ruling on the question if he believed that disclosure would be helpful to his case" (*People v Medina, supra,* at 952). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal

from Judgment of Supreme Court, Monroe County, Sheridan, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.