■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWNDELL JOHNSON, Appellant. [937 NYS2d 443]—

Garry, J.

Initially, defendant contends that his convictions are logically inconsistent with his acquittals on the charges arising from the first two transactions because the People had contended at trial that the CI purchased drugs from the same seller on all three occasions. We disagree. The transactions were separate events that occurred on different days, and the People's proof relating to the third purchase was considerably stronger than that concerning the first two. Two police officers testified that they saw defendant's face, and positively identified him as the person they had observed selling drugs to the CI relative to the third transaction, while only the CI offered trial testimony identifying defendant relative to the first two transactions. The reliability of the CI's identification was also called into question at trial, as he had previously provided police with a description of the

seller that conflicted in several respects with defendant's appearance. Moreover, the testimony revealed that the CI was unable to identify defendant's picture in the first of the two photo arrays that he viewed. Thus, the jury could rationally have accepted the officers' identification testimony while rejecting that of the CI, in whole or in part, and concluded that the People had proved beyond a reasonable doubt that defendant was the individual involved in the third sale, but had failed to meet that burden as to the first two transactions (*see People v Bradshaw*, 263 AD2d 767, 768 [1999], *lv denied* 94 NY2d 820 [1999]; *compare People v Clayton*, 17 AD3d 706, 707-708 [2005]).

Next, we reject defendant's contention that the convictions were contrary to the weight of the evidence because the description of the seller that the CI initially provided to police did not resemble defendant. Where, as here, an acquittal would not have been unreasonable, this Court must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]) while viewing the evidence in a neutral light and giving deference to the jury's credibility assessments (*see People v Rolle*, 72 AD3d 1393, 1396 [2010], *lv denied* 16 NY3d 745 [2011]; *People v Peryea*, 68 AD3d 1144, 1146-1147 [2009], *lv denied* 14 NY3d 804 [2010]). As previously noted, two police officers identified defendant as the man they saw selling drugs to the CI on the third occasion, and a search of defendant's residence several days later yielded crack cocaine, currency, and a digital scale. The CI was unable to identify defendant in the first photo array, but he did identify him as the seller in the second photo array. Given this evidence corroborating the CI's testimony that defendant was the person who sold him drugs during the third transaction, the discrepancies in his initial description do not render his testimony incredible as a matter of law, and we do not find the verdict to be against the weight of the evidence (*see People v Chatham*, 55 AD3d 1045, 1046 [2008], *lv denied* 14 NY3d 839 [2010]; *People v Ward*, 27 AD3d 776, 777 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Golden*, 24 AD3d 806, 807 [2005], *lv denied* 6 NY3d 813 [2006]).

Finally, defendant contends that County Court denied him a fair trial by granting the People's request for a protective order preventing pretrial disclosure of audiotape recordings of the three drug transactions. When defendant sought copies of these recordings, the People moved for a protective order to prevent disclosure of the CI's identity until he testified at trial. County Court (Drago, J.) granted the motion but directed the People to

provide defendant with a transcript of the recordings. Initially, as these tapes were made in the course of a criminal transaction and were never introduced at trial, they were "not discoverable as a matter of right unless constitutionally or otherwise specially mandated" (*People v Colavito*, 87 NY2d 423, 427 [1996]; *see* CPL 240.20 [1] [a], [g], [h]; *People v Perry*, 70 AD3d 1063, 1064 [2010], *lv denied* 14 NY3d 804 [2010]). Defendant now argues that fundamental fairness required pretrial disclosure of the CI's identity to enable him to prepare a defense, but he failed to raise this claim before or during the trial. Neither defendant's request for the recordings nor his opposition to the protective order included a demand for disclosure of the CI's identity or an assertion that defendant required this information to prepare for trial. Instead, defendant argued that the recordings might enable him to identify persons *other than* the CI—that is, "the person that allegedly sold the cocaine, voices of people other than the alleged purchaser and the alleged seller of the cocaine, and other noises and sounds."* When the CI's name was revealed at the commencement of jury selection, defense counsel made no claim that it should have been disclosed earlier, nor did he request an adjournment to enable him to prepare a defense before the CI testified (*compare People v Ingram*, 217 AD2d 986, 986-987 [1995]). Accordingly, the claim that the CI's identity should have been disclosed before trial is unpreserved (*see* CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 952 [1981]; *People v Felix*, 256 AD2d 135, 136 [1998], *lv denied* 93 NY2d 924 [1999]; *People v Pena-Martinez*, 244 AD2d 899, 899 [1997], *lv denied* 91 NY2d 1011 [1998]). We further note that the CI testified at trial, defendant had a full opportunity for cross-examination, and he was acquitted of all charges as to which the CI provided the only identification testimony; accordingly, no modification in the interest of justice is warranted (*see* CPL 470.15 [6] [a]; *compare People v Goggins*, 34 NY2d 163, 170 [1974], *cert denied* 419 US 1012 [1974]; *People v Wilson*, 18 AD3d 1070, 1071 [2005]; *People v Stanfield*, 7 AD3d 918, 920-921 [2004]).

Mercure, A.P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* During a pretrial hearing conducted while the People's motion for a protective order was pending, a discussion took place as to whether defense counsel might previously have represented the CI. The prosecutor offered to ask the CI about this, and defense counsel agreed to this proposal, without objecting to the nondisclosure of the CI's identity or referring to the pending discovery motion.