# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1259**
**KA 10-01870**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LASEAN J. BROWN, DEFENDANT-APPELLANT.

---

SCOTT T. GODKIN, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (MATTHEW P. WORTH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 23, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Inasmuch as the confidential informant involved in the drug transactions giving rise to defendant's conviction was identified and testified at trial, defendant's contention that County Court erred in denying that part of his pretrial omnibus motion seeking disclosure of the identity of the informant is academic (*see People v Ingram*, 217 AD2d 986, 987; *see generally People v Goggins*, 34 NY2d 163, 168-169, *cert denied* 419 US 1012). We reject defendant's further contention that the court erred in denying that part of his omnibus motion seeking a *Darden* hearing. Because the informant testified before the grand jury and at trial, the objectives of a *Darden* hearing, i.e., confirmation that the informant existed and provided information to the police concerning the drug sales at issue, were met (*see People v Kimes*, 37 AD3d 1, 15-16, *lv denied* 8 NY3d 881, *reconsideration denied* 9 NY3d 846; *see generally People v Wilson*, 48 AD3d 1099, 1100, *lv denied* 10 NY3d 845).

We reject defendant's contention that the court's denial of his challenge for cause to one of the prospective jurors requires reversal (*see* CPL 270.20 [2]). Defendant did not use a peremptory challenge as to the prospective juror at issue and did not exhaust all of his

peremptory challenges before the completion of jury selection.  Thus, the court's denial of defendant's challenge is not a basis for reversal (*see* CPL 270.20 [2]; *People v Flocker*, 223 AD2d 451, 452, *lv denied* 88 NY2d 847).  We note in any event that the prospective juror at issue was not in fact seated as a juror.  Finally, under the circumstances of this case, we conclude that the court did not abuse its discretion in denying defendant's request, made on the morning that the trial was scheduled to commence, for an adjournment to permit his new attorney to prepare his defense (*see People v Povio*, 284 AD2d 1011, 1011, *lv denied* 96 NY2d 923).  "[T]he right to counsel does not include the right to delay" (*People v Arroyave*, 49 NY2d 264, 273 [internal quotation marks omitted]).

We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court