■. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MILES, Appellant. [631 NYS2d 727] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered July 6, 1992, convicting him of the criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for

review, *inter alia,* the denial of the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30.

Ordered that the judgment is affirmed.

Although more than one year passed between the issuance of the bench warrant and the arrest of the defendant, the defendant was given notice on two occasions that he was the subject of an arrest warrant, and his disappearance from Peekskill coincided with the drug sweep of the area when the police officers initially attempted to execute the warrant. Under these circumstances, we conclude that the defendant was attempting to avoid apprehension. Thus, the Supreme Court properly denied the defendant's speedy trial motion and the entire period of his absence was not chargeable to the People *(see,* CPL 30.30 [4] [c]; *People v Bolden,* 81 NY2d 146). Having demonstrated the defendant's active avoidance of prosecution, the People were not required to demonstrate due diligence *(see, People v Garrett,* 171 AD2d 153, 155).

Contrary to the defendant's contention, where a police officer views a defendant's photograph within a few hours of a drug sale in which the officer previously observed the defendant during a face-to-face drug transaction, the officer's identification of the defendant from the photograph is confirmatory and does not mandate a *Wade* hearing *(see, People v Montgomery,* 213 AD2d 563; *People v Wharton,* 74 NY2d 921). Here, Police Officer George Rowan initially received a detailed description of the defendant from Detective William Shaughnessy before he approached the defendant to purchase cocaine in Lepore Park. After the purchase, Officer Rowan radioed a detailed description of the defendant to Detective Shaughnessy. Thereafter, Detective Shaughnessy drove by the park and saw that the defendant was still there. Approximately four and one-half hours after the purchase by Officer Rowan, Detective Shaughnessy showed Officer Rowan a photograph of the defendant. Officer Rowan identified the photograph of the defendant as depicting the person who had sold him cocaine.

Two days later, Police Officer Henry Williams observed the defendant engage in a drug transaction on the corner of Main and Spring Streets in Peekskill. Officer Williams approached the defendant and purchased seven vials of cocaine from him. Two hours after the purchase, Officer Williams informed Officer Rowan of his purchase and described the defendant to Officer Rowan. Knowing that both he and Officer Williams were working in the same neighborhood, Officer Rowan reviewed his case files and showed Officer Williams a photograph of the de-

fendant. Officer Williams immediately identified the photograph of the defendant as depicting the same person from whom he had purchased the vials of cocaine.

Based on these facts, we conclude that the viewings of the defendant's photograph by Officers Rowan and Williams, respectively, each within a few hours of the sale of cocaine, were confirmatory identifications by trained police officers pursuant to their investigative duties. Thus, the viewings were, as a matter of law, neither burdened by suggestiveness nor subject to a *Wade* hearing *(see, People v Wharton,* 74 NY2d 921, *supra).*

The defendant's motion for a trial order of dismissal was not sufficiently specific with regard to the issue of identity to preserve the issue of legal insufficiency for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we conclude that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.