■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOLDEN BANKS, Appellant. [663 NYS2d 46] —Appeal by the de-

fendant from two judgments of the County Court, Rockland County (Nelson, J.), both rendered February 7, 1995, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 93-00316, and assault in the second degree under Indictment No. 94-00026, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 93-00316 brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By order of this Court dated December 2, 1996 (234 AD2d 311), the appeals were held in abeyance and the matter was remitted to the County Court, Rockland County, to resolve a discrepancy between the transcript of the court reporter's minutes of the sentence proceedings under Indictment 94-00026 and the extract of the clerk's minutes of those same proceedings contained in the order of commitment. The County Court has since resettled the order of commitment.

Ordered that the judgments are affirmed.

Under Indictment No. 93-00316, the defendant was charged, *inter alia*, with two counts of criminal sale of a controlled substance in the third degree. The court did not err when it denied, without a *Wade* hearing, the defendant's motion to suppress the identification testimony of the two undercover officers who purchased the cocaine. Each identified the defendant as the seller from a single photograph. Although a single photograph identification can be suggestive if too remote in time from an officer's face-to-face observation of a defendant, here, each officer made an identification within one-half hour of the sale as an integral part of proper police procedure (*see, People v Miles,* 219 AD2d 685; *People v Montgomery,* 213 AD2d 563, *affd* 88 NY2d 926). Accordingly, the court, permissibly, summarily determined that the identifications were merely confirmatory (*see, People v Wharton,* 74 NY2d 921).

The only allegation of error relating to Indictment No. 94-00026 was that while the transcript of the court reporter's minutes of the sentence proceedings indicated that the defendant was sentenced to an indeterminate term of three to six years imprisonment upon his conviction of assault in the second degree, the extract of the clerk's minutes of those proceedings set forth in the order of commitment stated that a sentence of three and one-half to seven years imprisonment had been imposed. The matter was remitted to the County Court to correct the discrepancy (*see, People v Banks,* 234 AD2d 311, *supra*). The County Court has complied and resettled the order of commitment to reflect that the sentence actually imposed

was a term of three to six years imprisonment. The discrepancy having been resolved in the defendant's favor and there being no contention that a term of three to six years was excessive under the circumstances of this case, the judgment rendered under Indictment 94-00026 is affirmed. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.