■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [741 NYS2d 448] —Appeal by the defen-

dant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered August 17, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Lange, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction should be reversed because of an alleged jurisdictional defect in the felony complaint is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit. Even if the felony complaint was defective, it was superseded by a valid indictment (*see People v Wilkens,* 176 AD2d 978).

Furthermore, the court properly denied, without a *Wade* hearing (*see United States v Wade,* 388 US 218), the defendant's motion to suppress the identification testimony of the undercover officer who purchased cocaine from him. The undercover officer's photo identification of the defendant within one-half hour of the drug sale was an integral part of proper police procedure (*see People v Banks,* 242 AD2d 726; *People v Miles,* 219 AD2d 685; *People v Montgomery,* 213 AD2d 563, *affd* 88 NY2d 926). Accordingly, the court permissibly summarily determined that the identification was merely confirmatory (*see People v Wharton,* 74 NY2d 921).

Finally, the defendant was afforded the effective assistance of counsel. The record indicates that defense counsel implemented a reasonable defense strategy throughout all phases of the proceedings (*see People v Hobot,* 84 NY2d 1021, 1022). O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.