THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SOTO, Appellant. [803 NYS2d 88]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered December 16, 2003, convicting him of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony of the undercover officer who purchased cocaine from him. The undercover officer's photo identification of the defendant approximately 40 minutes after the drug sale was an integral part of proper police procedure (*see People v Smith*, 293 AD2d 764 [2002]; *People v Banks*, 242 AD2d 726 [1997]; *People v Miles*, 219 AD2d 685 [1995]; *People v Montgomery*, 213 AD2d 563 [1995], *affd* 88 NY2d 926 [1996]). Moreover, the defendant's contention that the People were required to provide him with notice of the identification testimony of the officers who witnessed one of the buys is without merit. There was no previous identification of the defendant by the officers and, thus, no such notice was required (*see* CPL 710.30; *People v Trammel*, 84 NY2d 584 [1994]; *People v Romano*, 282 AD2d 764 [2001], *cert denied* 535 US 1020 [2002]; *People v Rohan*, 214 AD2d 755 [1995]).

The verdict of guilt was not against the weight of the evi-

dence or inconsistent with the jury's inability to reach a verdict on the other counts of the indictment (*see* CPL 470.15 [5]). The resolution of issues of credibility, as well as the weight to be accorded to evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 95 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.