# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**608**

**KA 10-00697**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARIO M. MARTINEZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 27, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20) and criminal mischief in the fourth degree (§ 145.00 [1]), defendant contends that he was improperly convicted of an unindicted count of burglary in the third degree. We reject that contention. Defendant entered two separate buildings on the RIT campus on the night of June 7, 2009—Building 4 and Building 7B—and we agree with defendant that there was evidence before the jury indicating that there were two distinct acts of burglary. We nevertheless conclude that the jury was made aware that defendant was being tried for his actions solely for the burglary of Building 7B, which is also referred to as the Frank Gannett Building, and that there was thus no danger that defendant was convicted with respect to acts that occurred in Building 4 (*see People v Ramirez*, 99 AD3d 1241, 1242, *lv denied* 20 NY3d 988). During his opening statement, the prosecutor informed the jury that he intended to prove that defendant burglarized "the building known as the Frank Gannett building or Building 7B on the Rochester Institute of Technology campus." The prosecutor never mentioned any other buildings during his opening statement, nor did defense counsel. Of the eight prosecution witnesses, only one mentioned Building 4. The remaining testimony focused on Building 7B. During his summation, defense counsel stated, "There's no videotape of what happened in the Gannett Building, which is what he's charged with. You have to be really clear on that. He is charged with, not what happened at the

Student Union building [Building 4], he's charged with what went on in the Gannett building afterward."  Defense counsel further stated that what happened in Building 4 was irrelevant to whether defendant entered Building 7B with the intent to commit a crime therein.  Under the circumstances, we perceive no danger that defendant was convicted of an unindicted burglary, thereby "resulting in the usurpation by the prosecutor of the exclusive power of the Grand Jury to determine the charges" (*People v McNab*, 167 AD2d 858, 858; *cf. People v Boykins*, 85 AD3d 1554, 1555, *lv denied* 17 NY3d 814; *People v Comfort*, 31 AD3d 1110, 1111, *lv denied* 7 NY3d 847).

Contrary to the further contention of defendant, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Here, although it would not have been unreasonable for the jury to find that defendant did not enter Building 7B with the intent to commit a crime therein, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*).

Entered: June 20, 2014                          Frances E. Cafarell
                                                Clerk of the Court