*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    105537
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KARLYLE WHEELER,
                        Appellant.
_____

Calendar Date:  November 20, 2014

Before:  McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

_____

        Cliff Gordon, Monticello, for appellant.

        D. Holley Carnright, Kingston (Joshua Harris Povill of
counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered October 3, 2012, upon a verdict
convicting defendant of the crimes of criminal possession of a
controlled substance in the third degree (two counts) and
criminal sale of a controlled substance in the third degree (two
counts).

        Defendant was indicted on two counts of criminal possession
of a controlled substance in the third degree and two counts of
criminal sale of a controlled substance in the third degree after
he sold cocaine to an undercover police officer on two occasions
on the same date.  Following trial, the jury found him guilty of
all counts.  County Court sentenced him, as a second felony drug
offender whose prior felony conviction was a violent felony, to

an aggregate term of 15 years in prison, followed by three years of postrelease supervision.  Defendant appeals.

County Court did not err in denying defendant's Batson challenge.  Defendant contended that the People were exercising their peremptory challenges in a discriminatory manner because they struck the only two remaining black members of the panel, after one black individual was removed on consent.  The People then offered race-neutral reasons for their challenges.  As to one juror, who was a college student at Harvard, the prosecutor stated that it was his practice to generally exclude students from juries.  The other excluded individual was a student studying video game design.  The prosecutor stated that this juror was challenged because he was a student, he wore his hair in long braids and people with long hair were often viewed as rebellious, and the prosecutor preferred potential jurors later in the panel so he challenged several people in a row, including the black male.  The court credited the People's reasons as nonpretextual, noting that the prosecutor had exercised peremptory challenges on students in other trials, and five out of six students in the jury panel were removed that day.  A party may exclude jurors for physical traits such as long hair (see e.g. Purkett v Elem, 514 US 765, 769 [1995]; People v Richie, 217 AD2d 84, 88 [1995], lv denied 88 NY2d 940 [1996]).  The record also supports the prosecutor's statement about desiring to reach potential jurors later on the list, as several white jurors seated next to the black male were also removed through peremptory challenges.  Thus, we will not disturb County Court's findings accepting the People's reasons as nonpretextual (see People v Lee, 80 AD3d 877, 879-880 [2011], lvs denied 16 NY3d 832, 833, 834 [2011]; People v Knowles, 79 AD3d 16, 21-22 [2010], lv denied 16 NY3d 896 [2011]).

County Court did not err in permitting the undercover officer to identify defendant at trial.  After holding a Wharton hearing, the court found that the undercover officer's pretrial identification of defendant was confirmatory and, therefore, not

unduly suggestive.[1]  As the Court of Appeals held in People v
Wharton (74 NY2d 921 [1989]), a pretrial identification is merely
confirmatory where an undercover officer observed the defendant
firsthand during a planned drug transaction and made the
identification "at a place and time sufficiently connected and
contemporaneous to the arrest itself as to constitute the
ordinary and proper completion of an integral police procedure"
(id. at 922-923; see People v Roberts, 79 NY2d 964, 966 [1992];
People v Nguyen, 90 AD3d 1330, 1334 [2011], lv denied 18 NY3d 960
[2012]).  As in that case, here the undercover officer's
participation in the drug transaction with this particular
individual "was planned, and [the officer] was experienced and
expected to observe carefully the defendant for purposes of later
identification and for completion of his official duties" (People
v Wharton, 74 NY2d at 923; compare People v Allah, 57 AD3d 1115,
1116-1117 [2008], lv denied 12 NY3d 780 [2009]).  While this
exception is generally utilized in "buy and bust" situations, the
same reasoning applies to permit a confirmatory identification
that is conducted contemporaneously to the drug transaction
itself, whether the suspect is arrested immediately or not (see
People v Banks, 242 AD2d 726, 727 [1997], lv denied 91 NY2d 868
[1997]).  Single photograph identifications are generally
considered suggestive, but they are permitted as confirmatory if
conducted within a short time after an officer's personal
observation of a defendant during a planned drug sale (see People
v Smith, 293 AD2d 764, 765 [2002], lv denied 98 NY2d 713 [2002];
People v Banks, 242 AD2d at 727; People v Miles, 219 AD2d 685,
686-687 [1995], lvs denied 87 NY2d 905 [1995], 88 NY2d 968
[1996]; compare People v Fulton, 223 AD2d 932, 932-933 [1996];
People v Munroe, 185 AD2d 530, 530-532 [1992]).

   Here, the undercover officer testified that he saw
defendant for about one minute during the first drug sale,
outside in daylight at a distance of about four feet.  During the
second sale, the officer saw defendant for about 15 seconds, at
the same distance and in the same lighting conditions.  The

_____

   [1]  At oral argument on appeal, defendant conceded that the
relevant information came out at the Wharton hearing, so that a
separate Wade hearing was unnecessary.

officer was shown a single picture of defendant 10 minutes after the second sale. Defendant was arrested approximately seven months after the drug sales. As the identification here was connected to and contemporaneous with the drug transaction, it qualified as merely confirmatory, to assure that the police would arrest the proper person. In any event, the undercover officer's observation of defendant for more than a minute in broad daylight at a close distance constituted an independent basis for permitting his in-court identification of defendant (see People v Parker, 257 AD2d 693, 694-695 [1999], lvs denied 93 NY2d 1015, 1024 [1999]; People v Brown, 217 AD2d 797, 798 [1995], lv denied 86 NY2d 872 [1995]). While proof of a pretrial identification is not permitted as part of the People's case-in-chief, here such evidence was brought out by the defense in an effort to discredit the officer's identification of defendant.

Defendant received the effective assistance of counsel. To prevail on his argument of ineffective assistance, defendant had to prove that his counsel failed to provide meaningful representation, including proving that she lacked any strategic or other legitimate explanations for the alleged errors (see People v Baker, 14 NY3d 266, 270-271 [2010]). Defendant contends that his counsel erred by failing to call his brother as a witness. Despite defendant's testimony that his brother would testify that he – and not defendant – was present at the time of the drug sales at issue, the record does not necessarily support his assertion. Outside the presence of the jury, defendant's counsel informed County Court that she had talked to the brother recently, but his story was inconsistent and he had stopped returning counsel's calls. Defense counsel also felt that the brother would not testify, but would invoke his Fifth Amendment right not to incriminate himself. Thus, she had a legitimate reason for not calling or subpoenaing the brother to testify.

Defendant also contends that his counsel should have objected to the admission of the drugs because there was no proof that the drugs that were tested were the same drugs involved in the sales. This argument is unpersuasive, and his counsel cannot be faulted for failing to make an objection that would not have been successful. Defense counsel could have cross-examined the police officers and the confidential informant about the search

of the informant prior to the drug transactions, specifically regarding how the informant was able to buy ice cream if the officers had verified that she had no money on her. This alleged shortcoming, however, did not deprive defendant of effective assistance. The topic was collateral, and all of the testimony and video established that the confidential informant never touched the drugs or money involved in the transaction. Accordingly, defendant's counsel provided him with meaningful representation.

County Court did not impermissibly expand its Sandoval ruling during trial. During cross-examination of defendant, the court allowed the People to explore additional information and underlying facts about one of defendant's crimes and another situation, based on defendant opening the door to such questioning through his answers on direct examination (see People v Fardan, 82 NY2d 638, 646 [1993]). The court warned defendant that the line of questioning would open the door, and defendant knowingly continued with his testimony on those topics, making it only fair for the People to rebut any misleading impressions that defendant created (see People v Heckstall, 45 AD3d 907, 909 [2007], lv denied 10 NY3d 766 [2008]).

Defendant was not entitled to an adverse inference charge regarding the lack of audio on a portion of the video recording of the first drug transaction. An adverse inference charge informs the jury that it may draw an inference in favor of the defendant because material evidence is missing, but such a charge is meant for situations where the evidence has been lost or destroyed by agents of the government (see People v Handy, 20 NY3d 663, 669-670 [2013]; People v Acevedo, 112 AD3d 985, 987 [2013], lv denied 23 NY3d 1017 [2014]). Here, the missing audio portion never existed because the officer in charge of the equipment testified that he mistakenly did not turn on the audio until the transaction was underway. Under the circumstances, County Court correctly determined that defendant was not entitled to an adverse inference charge.

We have reviewed defendant's remaining contentions and find them unpersuasive.

Garry, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court