# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1060
KA 13-00067
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

ANDREW RAJCZAK, JR., DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (DOREEN M. HOFFMANN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered November 5, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, attempted petit larceny and criminal trespass in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), attempted petit larceny (§§ 110.00, 155.25), and criminal trespass in the second degree (§ 140.15). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We note in particular that, although it would not have been unreasonable for the jury to find that defendant did not have the requisite intent to commit the crimes of burglary in the second degree and attempted petit larceny, defendant's intent to commit those crimes may be inferred from "his 'unexplained presence on the premises, and [his] actions and statements when confronted by [the] police [and] the property owner' " (*People v James*, 114 AD3d 1202, 1205, *lv denied* 22 NY3d 1199). Here, we conclude that "it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Martinez*, 118 AD3d 1446, 1447).

We reject defendant's further contention that County Court erred in permitting the People to ask a defense witness about defendant's prior arrest for attempted burglary. " 'A defense witness who has not testified as a character witness on direct examination may not be cross-examined about the defendant's criminal record . . . However,

once the defendant has introduced character evidence, the People may question the defense witness about whether he or she has heard of the defendant's previous criminal acts, since such questions are relevant to the ability of the character witness to accurately reflect the defendant's reputation in the community' " (*People v Marzug*, 280 AD2d 974, 975, *lv denied* 96 NY2d 904; *see People v Kuss*, 32 NY2d 436, 443, *rearg denied* 33 NY2d 644, *cert denied* 415 US 913).  Finally, the sentence is not unduly harsh or severe.

Entered:  October 2, 2015

Frances E. Cafarell
Clerk of the Court