Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered March 4, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the second degree (two counts).
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). Defendant’s claims that the prosecutor improperly vouched for the credibility of four prosecution witnesses during summation are not preserved for our review because he failed to object to the allegedly improper comments (see People v Williams, 46 NY2d 1070, 1071 [1979]). We decline to exercise our power to review those claims as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
 

 Viewing the evidence in light of the elements of murder in the second degree under Penal Law § 125.25 (1) and (3) as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant’s contention that the verdict is against the weight of the evidence with respect to the element of “intent to cause the death of another” (§ 125.25 [1]), “[t]he testimony established that . . . defendant shot one of [the] victims in the back at close range when that victim tried to flee in an attempt to thwart . . . defendant’s robbery attempt” and, thus, “[t]he jury was justified in inferring, based on these facts, an intent on the part of . . . defendant to kill” (People v Woods, 126 AD2d 766, 767 [1987], lv denied 69 NY2d 888 [1987], denied upon reconsideration 70 NY2d 659 [1987]). With respect to the element of causing the death of another during an “attempt! ] to commit robbery” (§ 125.25 [3]), the prosecution presented testimony that, during the fatal encounter, defendant’s accomplice displayed a gun to the murder victim and stated, “Give it up,” with reference to the victim’s marihuana, and that defendant later admitted that he was “going to rob somebody” and things “didn’t go like [they were] supposed to, [and] he shot a Hispanic dude.” That testimony is not incredible as a matter of law and we reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Baker, 30 AD3d 1102, 1102-1103 [2006], Iv denied 7 NY3d 846 [2006]).
 

 Present — Centra, J.P., Carni, Lindley and Troutman, JJ.