People v Huggins (2018 NY Slip Op 04488)





People v Huggins


2018 NY Slip Op 04488


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


776 KA 17-00070

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GLENN M. HUGGINS, DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (NICOLE L. KYLE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 14, 2016. The judgment convicted defendant, upon a nonjury verdict, of petit larceny, criminal possession of stolen property in the fifth degree, welfare fraud in the fifth degree and offering a false instrument for filing in the second degree (seven counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, petit larceny (Penal Law
§ 155.25) and criminal possession of stolen property in the fifth degree (§ 165.40). We reject defendant's contention that he was denied effective assistance of counsel. With respect to defendant's claim that defense counsel was ineffective because he failed to make a written request for discovery, defendant concedes that the People turned over all discovery materials, and we thus conclude that any error by defense counsel was not prejudicial to defendant (see generally People v Caban, 5 NY3d 143, 152 [2005]). With respect to defendant's claim that defense counsel was ineffective in agreeing to a certain stipulation on the record, defendant failed to establish the absence of a strategic reason for defense counsel's conduct (see generally People v Benevento, 91 NY2d 708, 712 [1998]; People v Alexander, 109 AD3d 1083, 1085 [4th Dept 2013]). Moreover, the People established the information in the stipulation through the testimony of the witnesses. With respect to defendant's claim that defense counsel was ineffective for failing to serve a notice of a defense of mental disease or defect, defendant failed to establish the absence of a strategic reason for defense counsel's failure to do so (see generally Benevento, 91 NY2d at 712).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, County Court was justified in inferring his intent to commit the crimes from the testimony at trial (see People v Williams, 154 AD3d 1290, 1291 [4th Dept 2017], lv denied 30 NY3d 1110 [2018]; People v Rajczak, 132 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1091 [2015]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court