People v Escobar (2020 NY Slip Op 01768)





People v Escobar


2020 NY Slip Op 01768


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


209 KA 17-01848

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH ESCOBAR, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered August 4, 2017. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts) and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment rendered upon a jury verdict convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree
(§ 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) arising out of a drive-by shooting of the victim on a street corner and also convicting him of tampering with physical evidence (§ 215.40 [2]) arising out of a separate incident involving the discharge of a firearm in a residential basement. We affirm.
Defendant contends that the prosecutor's exercise of peremptory challenges with respect to three prospective jurors constituted a Batson violation. Initially, inasmuch as the prosecutor offered race-neutral reasons for each challenge and the court thereafter "ruled on the ultimate issue" by determining that those reasons were not pretextual, the issue of the sufficiency of defendant's prima facie showing of discrimination at step one of the Batson test is moot (People v Smocum, 99 NY2d 418, 423 [2003]; see People v Jiles, 158 AD3d 75, 78 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]; cf. People v Bridgeforth, 28 NY3d 567, 575-576 [2016]). With respect to step two, "[t]he burden . . . is minimal, and the explanation must be upheld if it is based on something other than the juror's race, gender, or other protected characteristic" (People v Smouse, 160 AD3d 1353, 1355 [4th Dept 2018]; see Hernandez v New York, 500 US 352, 360 [1991]; People v Payne, 88 NY2d 172, 183 [1996]). "To satisfy its step two burden, the nonmovant need not offer a persuasive or even a plausible explanation but may offer any facially neutral reason for the challenge—even if that reason is ill-founded—so long as the reason does not violate equal protection" (Smouse, 160 AD3d at 1355 [internal quotation marks omitted]; see Purkett v Elem, 514 US 765, 767-768 [1995]; Payne, 88 NY2d at 183). "[A]t step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (Bridgeforth, 28 NY3d at 571; see People v Hecker, 15 NY3d 625, 634-635 [2010]).
Here, contrary to defendant's contention, we conclude that County Court properly determined at step two that the People met their burden of offering a facially race-neutral explanation for each challenge. The prosecutor explained that he challenged the first prospective juror based on her husband's past incarceration and her implausible answers regarding the extent of her knowledge thereof (see People v Garcia, 143 AD3d 1283, 1284 [4th Dept 2016], lv denied [*2]28 NY3d 1184 [2017]; People v Ball, 11 AD3d 904, 905 [4th Dept 2004], lv denied 3 NY3d 755 [2004], reconsideration denied 4 NY3d 741 [2004]). The prosecutor explained that he challenged the second prospective juror because she worked as a nurse and people who work in that field tend to see everyone in the best light and have a difficult time voting to convict (see People v Holloway, 71 AD3d 1486, 1486-1487 [4th Dept 2010], lv denied 15 NY3d 774 [2010]). With respect to the third prospective juror, the prosecutor explained that, although he thought she "would be a good juror," only he had peremptory challenges remaining and, compared to the third prospective juror, he preferred a different person coming up later in panel due to that person's background in law enforcement as a former corrections officer. We conclude that the offered reason was facially neutral inasmuch as it was based on something other than the third prospective juror's race, i.e., the prosecutor's preference for the former corrections officer who was more connected to law enforcement than was the third prospective juror (see People v Wheeler, 124 AD3d 1136, 1137 [3d Dept 2015], lv denied 25 NY3d 993 [2015]).
We also reject defendant's contention that the court erred at step three. A "trial court's determination whether a proffered race-neutral reason is pretextual is accorded great deference' on appeal" (Hecker, 15 NY3d at 656), and we see no reason on this record to disturb the court's determination that the prosecutor's explanations were not pretextual (see Wheeler, 124 AD3d at 1137).
Defendant contends that the verdict with respect to the crimes arising from the drive-by shooting is against the weight of the evidence on the issues of his identity as the shooter and, relatedly, his possession of a handgun. We reject that contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant contends that the testimony of the victim who identified him as the shooter should be discredited for various reasons—including the impact of the vehicle's rate of speed on the victim's ability to view the occupants thereof, the absence of documentation corroborating the victim's testimony that he and defendant had an altercation at a correctional facility prior to the shooting, and the victim's reluctance to cooperate with the investigation and prosecution—the jury "was able to consider each of these issues now raised and chose to credit the identification of defendant as the shooter" (People v Lanier, 130 AD3d 1310, 1311 [3d Dept 2015], lv denied 26 NY3d 1009 [2015]; see People v Cross, 174 AD3d 1311, 1314-1315 [4th Dept 2019], lv denied 34 NY3d 950 [2019]). Moreover, "[t]he credibility of defendant and the weight to be accorded to his version of the events was a matter for the jury" (People v Hudson, 158 AD3d 1087, 1087 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]), and there is no basis for disturbing its determinations.
Defendant also contends that the evidence is legally insufficient to support the conviction of tampering with physical evidence (Penal Law § 215.40 [2]) arising from the incident involving the discharge of a firearm in a residential basement. Even assuming, arguendo, that defendant preserved his contention for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude that it lacks merit. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]; see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that the evidence is legally sufficient to establish that defendant, "[b]elieving that certain physical evidence [was] about to be produced or used in . . . a prospective official proceeding, and intending to prevent such production or use, . . . suppresse[d] it by any act of concealment . . . or destruction" (§ 215.40 [2]). Contrary to defendant's contention, "it could readily be contemplated under the circumstances of this case that the evidence he [concealed or destroyed] would be received as evidence at a prospective official proceeding" (People v Santiago, 273 AD2d 488, 488 [2d Dept 2000], lv denied 95 NY2d 892 [2000]; see People v Cardenas, 239 AD2d 594, 595 [2d Dept 1997], lv denied 90 NY2d 902 [1997]; People v Johnson, 219 AD2d 865, 865-866 [4th Dept 1995], lv denied 87 NY2d 847 [1995]).
Defendant contends that he was deprived of effective assistance of counsel because defense counsel failed to call an expert to testify about the reliability of eyewitness identifications. We conclude, however, that defendant has not demonstrated "the absence of strategic or other legitimate explanations for counsel's alleged shortcoming[]" (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks omitted]; see People v Stanley, 108 AD3d 1129, 1130-1131 [4th Dept 2013], lv denied 22 NY3d 959 [2013]). Nor was defense [*3]counsel ineffective in failing to object to alleged double hearsay testimony. Even assuming, arguendo, that the testimony at issue constituted inadmissible hearsay, we conclude that "the single error by defense counsel in failing to object to its admission was not so egregious as to deprive defendant of a fair trial" (People v Galens, 111 AD3d 1322, 1323 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]; see People v Hobot, 84 NY2d 1021, 1022 [1995]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we further conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court