People v Johnson (2021 NY Slip Op 03934)





People v Johnson


2021 NY Slip Op 03934


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


78 KA 18-02102

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHANI JOHNSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered May 10, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts), attempted robbery in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [2]). Defendant contends that the verdict is against the weight of the evidence with respect to the element of "intent to cause the death of another" under Penal Law § 125.25 (1). We reject that contention. " 'The testimony established that . . . defendant shot [the murder] victim[] in the [torso] at close range when that victim tried to . . . thwart . . . defendant's robbery attempt' and, thus, '[t]he jury was justified in inferring, based on these facts, an intent on the part of . . . defendant to kill' " (People v Williams, 154 AD3d 1290, 1291 [4th Dept 2017], lv denied 30 NY3d 1110 [2018]). We also reject defendant's contention that the verdict on the remaining counts is against the weight of the evidence with respect to the issue of identity (see People v Alston, 174 AD3d 1349, 1349 [4th Dept 2019], lv denied 34 NY3d 978 [2019], reconsideration denied 34 NY3d 1014 [2019]). Among other things, the People presented the testimony of an eyewitness who was acquainted with defendant and positively identified him at trial as the perpetrator. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that County Court erred in rejecting his Batson challenge with respect to the People's exercise of peremptory strikes on two prospective jurors. We reject that contention. "Batson outlines a three-step protocol to be applied when a defendant challenges the use of peremptory strikes during voir dire to exclude potential jurors for pretextual reasons" (People v Bridgeforth, 28 NY3d 567, 571 [2016]). "At step one [of a Batson challenge], the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (id.; see People v Hecker, 15 NY3d 625, 634-635 [2010]; People v Pescara, 162 AD3d 1772, 1772-1773 [4th Dept 2018]). "The burden at step two is minimal, and the explanation must be upheld if it is based on something other than the juror's race, gender, or other protected characteristic" (People v Smouse, 160 AD3d 1353, 1355 [4th Dept 2018]; see People v Payne, 88 NY2d 172, 183 [1996]). "To satisfy its step two burden, the nonmovant need not offer a [*2]persuasive or even a plausible explanation but may offer any facially neutral reason for the challenge—even if that reason is ill-founded—so long as the reason does not violate equal protection" (Smouse, 160 AD3d at 1355 [internal quotation marks omitted]; see Payne, 88 NY2d at 183).
Contrary to defendant's contention, we conclude that the court properly determined that the People met their burden at step two by offering a facially race-neutral explanation for each challenge (see generally People v Escobar, 181 AD3d 1194, 1195-1196 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]). With respect to the first prospective juror, the prosecutor explained that he exercised that strike based upon the prospective juror's acquaintance with a reluctant prosecution witness who could become more reluctant to testify if he recognized someone on the jury. The court properly accepted that explanation as a race-neutral and nonpretextual reason for the challenge (see People v Allen, 122 AD3d 1423, 1424 [4th Dept 2014], lv denied 25 NY3d 987 [2015], reconsideration denied 25 NY3d 1197 [2015]; People v Gant, 291 AD2d 912, 912 [4th Dept 2002], lv denied 98 NY2d 675 [2002]). With respect to the second prospective juror, the prosecutor explained that he challenged her because her close family member was convicted of murder and another member of her family was murdered. Again, the court did not err in determining that the prosecutor's explanation constituted a race-neutral and nonpretextual reason for the prosecutor's challenge (see People v Feliciano, 228 AD2d 519, 519 [2d Dept 1996], lv denied 88 NY2d 1068 [1996]). A "trial court's determination whether a proffered race-neutral reason is pretextual is accorded 'great deference' on appeal" (Hecker, 15 NY3d at 656), and we see no reason, on this record, to disturb the court's determination that the prosecutor's explanations were not pretextual (see People v Wheeler, 124 AD3d 1136, 1137 [3d Dept 2015], lv denied 25 NY3d 993 [2015]).
Defendant further contends that the prosecutor's subsequent failure to challenge another prospective juror who, like the second prospective juror, had family members who were either murdered or charged with murder establishes that the prosecutor's challenges to the two prospective jurors were racially motivated. That contention is not preserved for our review inasmuch as "defendant did not renew his Batson application after the prosecutor failed to challenge the latter panelist" (People v Jiles, 158 AD3d 75, 79 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]; see People v Toliver, 102 AD3d 411, 412 [1st Dept 2013], lv denied 21 NY3d 1011 [2013], reconsideration denied 21 NY3d 1077 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Hodges, 99 AD3d 629, 629-630 [1st Dept 2012], lv denied 20 NY3d 1062 [2013]). We also reject defendant's contention that the sentence imposed on the count of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]) must run concurrently with the sentence imposed on the count of intentional murder (§ 125.25 [1]). "Penal Law § 70.25 (2), which governs consecutive sentencing, prohibits consecutive sentences where either 'a single act [or omission] constitutes two offenses,' or 'a single act [or omission] constitutes one of the offenses and a material element of another' " (People v Brown, 21 NY3d 739, 750 [2013]; see generally People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]). Where, however, "separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion" (People v Lemon, 38 AD3d 1298, 1299 [4th Dept 2007], lv denied 9 NY3d 846 [2007], reconsideration denied 9 NY3d 962 [2007]; see People v Brathwaite, 63 NY2d 839, 843 [1984]; see generally People v Couser, 126 AD3d 1419, 1421 [4th Dept 2015], affd 28 NY3d 368 [2016]).
Here, the act that caused the death of one victim and provided the basis for the intentional murder conviction was the act of shooting the victim who was seated in the passenger seat of a vehicle. That act " 'was separate and distinct from' " defendant's attempt to rob a different victim who was seated in the driver seat of the vehicle (Houston, 142 AD3d at 1399; see People v Sims, 105 AD2d 1087, 1087 [4th Dept 1984]). Moreover, the attempted robbery count alleged that defendant was "armed with a deadly weapon" during the commission of the crime (§ 160.15 [2]), not that he caused "serious physical injury" during the commission of or flight from the attempted robbery (§ 160.15 [1]; cf. People v Laureano, 87 NY2d 640, 644 [1996]; Lemon, 38 AD3d at 1299).
Relying on a change in the law that occurred after the date of his conviction but before he perfected this appeal (see CPL 420.35 [2-a], as amended by L 2020, ch 144, § 1), defendant asks [*3]this Court to waive the crime victim assistance fee and DNA databank fee based on the fact that he was under the age of 21 at the time of the offense. Even assuming, arguendo, that defendant can raise that request for the first time on appeal (cf. People v Parker, 137 AD3d 1625, 1626 [4th Dept 2016]; see generally CPL 470.05 [2]), we decline to waive those fees inasmuch as defendant has failed to establish any of the statutory grounds upon which such fees could be waived (see CPL 420.35 [2-a] [a]-[c]). Finally, the sentence is not unduly harsh or severe.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court